# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EUGENE J. NIKSICH, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

1.    The United States of America, at the request of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. §§ 3711 and 5321 to collect civil penalties assessed against Defendant Eugene J. Niksich ("Niksich") under 31 U.S.C. § 5314 for his willful failure to timely report his financial interest in foreign bank accounts for calendar years 2006 - 2012.

2.    The United States also seeks to collect accrued interest on such penalties, late payment penalties and associated fees.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355.

4.    Venue is proper in this district under 28 U.S.C. §§ 1391(c)(1) and 1395 because Niksich resides in this district in Roswell, Georgia.

## REGULATORY BACKGROUND REGARDING
## THE DUTY TO REPORT FOREIGN FINANCIAL ACCOUNTS

5.      Under 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, all U.S. citizens and residents who have a financial interest in, or signatory or other authority over, a foreign financial account or accounts exceeding $10,000 at any time during a calendar year are required to file an annual report disclosing the existence of each account. This report is commonly known as the Report of Foreign Bank and Financial Accounts ("FBAR").

6.      For the years at issue in this case, the FBAR for a given calendar year was due on or before June 30 of the following calendar year. 31 C.F.R. § 1010.306(c). For those years, the applicable form was TD F 90.22-1.

7.      Additionally, anyone who is required to file an income tax return and include a Form Schedule B – *Interest and Ordinary Dividends* is required to disclose a financial interest in, or signatory authority over, a foreign financial account or accounts on the Schedule B attached to their income tax return.

8.      Specifically, Schedule B asks the taxpayer: "At any time during [tax year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1" *See* Schedules A&B Form 1040 2008 (https://www.irs.gov/pub/irs-prior/f1040sab--2008.pdf (permalink at https://perma.cc/J3ZG-8NXA)).

9.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically, 31 U.S.C. § 5321(a)(5)(C) provides for a maximum willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

10.    An assessed penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

11.    Niksich is a United States citizen by birth.

12.    Niksich resides in Roswell, Georgia.

13.    Niksich founded Unique Sports Products Inc. ("Unique Sports") with his sons in 1972, and he continues to operate the business today. Unique Sports manufactures and sells sporting equipment, apparel, and related products. Niksich maintains an address of 840 McFarland Parkway, Alpharetta, Georgia 30004 for Unique Sports.

14.    Niksich married Elisabeth G. Niksich in 2002. In anticipation of that marriage, Niksich executed a prenuptial agreement in November 2001. As part of that agreement, Niksich listed his assets as of June 1, 2001. The assets he listed included "Turks & Caicos," which he valued at $25,000.

15.    For all of the years at issue (2006 through 2012), Niksich filed jointly with his then-wife Elisabeth G. Niksich.

16.    The couple divorced in 2014.

## Niksich's Foreign Financial Accounts

17.    Between 2006 and 2012, Niksich held a financial interest and possessed signature authority over at least five accounts at various overseas financial institutions. The institutions were AKB PrivatBank of Switzerland, which would later become AKB Verwaltungs AG, a/k/a PBZ bank ("AKB"); DZ Privatbank (Schweiz) AG ("DZ"); and Ban Vivienda Banca Privada ("BVBP"):

| Account Name | Location | Opened | Closed |
|---|---|---|---|
| AKB 5684 | Switzerland | January 2006 | Sept. 1, 2010 |
| DZ 7952 | Switzerland | May 2010 | Dec. 21, 2012 |
| BVBP 1001 | Panama | 2011 | (remains open) |
| BVBP 9571 1-YR | Panama | 2011 | (remains open) |
| BVBP 9571 2-YR | Panama | 2011 | (remains open) |
| BVBP 1002 | Panama | 2011 | (remains open) |

The Account name listed above is the foreign bank name and the last four digits of the account number. Although Niksich reported BVBP 9571 as a single account, it consists of two accounts: (1) a one-year, 3.5% interest term deposit account ("BVBP 9571-1YR"); and (2) a two-year, 4% interest term deposit account ("BVBP 9571-2YR").

18.     Niksich opened account AKB Bank 5684 as a numbered securities account with a hold-mail agreement, under which AKB Bank would hold all mail correspondence for Niksich. Using a hold-mail agreement allowed Niksich to minimize the paper trail associated with this undisclosed account.

19.     AKB began changing its relationship with U.S. clients in 2008. Starting in November 2008, AKB accepted new U.S. clients only if they had a direct connection to Switzerland. In March 2009, AKB imposed a moratorium on new U.S. client relationships, subject to narrow exceptions. On February 19, 2010, AKB "formally renounced its previous practice of accepting "manifestly untaxed assets from foreign clients." *See* Press Release, Justice Department Announces Three Banks Reach Resolutions Under Swiss Bank Program, Department of Justice, Dec. 17, 2015, *available at* https://www.justice.gov/opa/pr/justice-department-announces-three-banks-reach-resolutions-under-swiss-bank-program-2 (permalink https://perma.cc/S5UK-PNW4).

20.     In December 2010, AKB prohibited all new relationships with U.S.-resident clients and began to scale back its existing relationships with such persons.

21.     In May 2010, after AKB's formal renouncement and as AKB's policies with respect to U.S.-resident clients continued to tighten, Niksich began to transfer the funds in his AKB account to DZ Bank.

22.     Niksich opened account DZ Bank 7952 as a numbered securities account with a hold-mail agreement. The DZ Bank 7952 account was funded by transfers from the AKB Bank 5684 account.

23.     In 2011, however, DZ also began to implement restrictions on U.S-related account. DZ required U.S.-related account holders to execute additional forms, including a form entitled Determination of U.S. Tax Status of Natural Persons. If DZ determined a customer to be subject to the Foreign Account Tax Compliance Act, the customer was required to complete a Form W-9 and FATCA waiver. For customers who would not agree to complete these forms, DZ instituted an exit program whereby the customer's accounts were closed and the relationship terminated.

24.     In 2011, Niksich began moving his funds from DZ to BVBP. Niksich closed his DZ account in December 2012.

25.     On April 1, 2014, Niksich applied to the IRS Offshore Voluntary Disclosure Program for tax years 2006 through 2012.

26.     Niksich was preliminarily accepted into the OVDP on May 1, 2014.

27.     As part of the program, on or about February 11, 2015, Niksich filed untimely FBARs. Niksich reported the following information on these FBARs:

| Year | Account | Country | Account Type | Maximum Balance |
|------|---------|---------|--------------|-----------------|
| 2006 | AKB 5684 | Switzerland | Securities | $2,392,780 |
| 2007 | AKB 5684 | Switzerland | Securities | $3,340,310 |

| Year | Account | Country | Account Type | Maximum Balance |
|------|---------|---------|--------------|-----------------|
| 2008 | AKB 5684 | Switzerland | Securities | $2,083,662 |
| 2009 | AKB 5684 | Switzerland | Securities | $3,527,321 |
| 2010 | AKB 5684 | Switzerland | Securities | $4,361,860 |
|      | DZ 7952 | Switzerland | Securities | $4,573,907 |
| 2011 | DZ 7952 | Switzerland | Securities | $3,603,058 |
|      | BVBP 1001 | Panama | Bank | $22,296 |
|      | BVBP 9571 | Panama | Bank | $10,261 |
| 2012 | DZ 7952 | Switzerland | Securities | $3,240,650 |
|      | BVBP 1001 | Panama | Bank | $2,338,021 |
|      | BVBP 9571 | Panama | Bank | $1,010,666 |

28.     On June 24, 2015, Niksich filed amended FBARs for 2011 and 2012.

He reported an additional foreign account, BVBP 1002, for each year:

| Year | Account | Country | Account Type | Maximum Balance |
|------|---------|---------|--------------|-----------------|
| 2011 | DZ 7952 | Switzerland | Securities | $3,603,058 |
|      | BVBP 1001 | Panama | Bank | $22,296 |
|      | BVBP 9571 | Panama | Bank | $10,261 |
|      | **BVBP 1002** | **Panama** | **Bank** | **$4,000** |
| 2012 | DZ 7952 | Switzerland | Securities | $3,240,650 |
|      | BVBP 1001 | Panama | Bank | $2,338,021 |
|      | BVBP 9571 | Panama | Bank | $1,010,666 |
|      | **BVBP 1002** | **Panama** | **Bank** | **$4,000** |

29.     Niksich requested a transition to OVDP streamlined domestic

procedures on July 2, 2015.

30.     OVDP streamlined procedures were available to taxpayers whose

conduct was not willful, among other requirements.

31.     Niksich's request to transition to streamlined domestic procedures was

denied, and he stopped responding to correspondence from the IRS.

32.     On September 9, 2016, Niksich requested to be removed from OVDP.

His removal was approved by the IRS on March 31, 2017.

**Niksich's Failure to Timely Report His Interest in Foreign Financial Accounts**

33.     For calendar year **2006**:

    a.  Niksich had an interest in one foreign financial account

       located in Switzerland: AKB 5684. The maximum account

       balance was as follows:

| Account | Maximum Net Balance |
|---|---|
| AKB 5684 | $2,380,093 |
| Maximum Total | $2,380,093 |

    b.  Niksich was required to file an FBAR by June 30, 2007,

       reporting his interest in the Swiss account, but he failed to

       do so.

    c.  Niksich was also required to disclose that he had an interest

       in the Swiss account in a Schedule B to his 2006 federal

       income tax return (Form 1040); however, he did not.

34.     For calendar year **2007**:

    a.  Niksich had an interest in one foreign financial account

       located in Switzerland, AKB 5684. The maximum account

       balance was as follows:

| Account | Maximum Net Balance |
|---------|---------------------|
| AKB 5684 | $3,354,821 |
| Max Total | $3,354,821 |

b. Niksich was required to file an FBAR by June 30, 2008, reporting his interest in the Swiss account, but he failed to do so.

c. Niksich was also required to disclose that he had an interest in the Swiss account in a Schedule B to his 2007 federal income tax return (Form 1040); however, he did not.

35. For calendar year **2008**:

a. Niksich had an interest in one foreign financial account located in Switzerland, AKB 5684. The maximum account balance was as follows:

| Account | Maximum Net Balance |
|---------|---------------------|
| AKB 5684 | $3,434,428 |
| Max Total | $3,434,428 |

b. Niksich was required to file an FBAR by June 30, 2009, reporting his interest in the Swiss account, but he failed to do so.

      c. Niksich was also required to disclose that he had an interest in the Swiss accounts in a Schedule B to his 2008 federal income tax return (Form 1040); however, he did not.

36. For calendar year **2009**:

      a. Niksich had an interest in one foreign financial account located in Switzerland, AKB 5684. The maximum account balance was as follows:

| Account | Maximum Net Balance |
|---|---|
| AKB 5684 | $3,538,658[1] |
| Max Total | $3,538,658 |

      b. Niksich was required to file an FBAR by June 30, 2010, reporting his interest in the Swiss account, but he failed to do so.

      c. Niksich was also required to disclose that he had an interest in the Swiss accounts in a Schedule B to his 2009 federal income tax return (Form 1040); however, he did not.

37. For calendar year **2010**:

---

[1] Niksich reported a balance of $3,527,321 on his FBAR. The IRS determined a maximum balance of $3,538,658 based on bank statements.

a. Niksich had an interest in two foreign financial accounts located in Switzerland: AKB 5684 and DZ 7952. The maximum account balances were as follows:

| Account | Maximum Net Balance |
|---------|---------------------|
| AKB 5684 | $4,086,627[2] |
| DZ 7952 | $4,573,907 |
| Max Total | $4,573,907 |

b. Niksich was required to file an FBAR by June 30, 2010, reporting his interest in these Swiss accounts, but he failed to do so.

c. Niksich was also required to disclose that he had an interest in these Swiss accounts in a Schedule B to his 2009 federal income tax return (Form 1040); however, he did not.

38. For calendar year **2011**:

a. Niksich had an interest in one foreign financial account located in Switzerland (DZ 7952) and two foreign financial accounts located in Pamana (BVBP 1001 and BVBP 9571-2YR). The maximum account balances were as follows:

| Account | Maximum Net Balance |
|---------|---------------------|
| DZ 7952 | $3,612,307 |

---

[2] Niksich reported a balance of $4,361,860 on his FBAR. The IRS determined a maximum balance of $4,086,62 based on bank statements.

| | |
|---|---|
| BVBP 1001 | $22,296 |
| BVBP 1002 | $4,000 |
| BVBP 9571-2YR | $10,466 |
| Max Total | $3,612,307 |

b.  Niksich was required to file an FBAR by June 30, 2012, reporting his interest in these Swiss and Panamanian accounts, but he failed to do so.

c.  Niksich was also required to disclose that he had an interest in these Swiss and Panamanian accounts in a Schedule B to his 2011 federal income tax return (Form 1040); however, he did not.

39.  For calendar year **2012**:

a.  Niksich had an interest in one foreign financial account located in Switzerland (DZ 7952) and two foreign financial accounts located in Pamana (BVBP 1001 and BVBP 9571). The maximum account balances were as follows:

| Account | Maximum Net Balance |
|---|---|
| DZ 7952 | $3,240,850 |
| BVBP 1001 | $2,338,021 |
| BVBP 1002 | $4,000 |
| BVBP 9571-1YR | $1,000,000 |
| BVBP 9571-2YR | $10,670 |
| Max Total | $3,352,691 |

     d.  Niksich was required to file an FBAR by June 30, 2013, reporting his interest in these Swiss and Panamanian accounts, but he failed to do so.

     e.  Niksich was also required to disclose that he had an interest in these Swiss and Panamanian accounts in a Schedule B to his 2012 federal income tax return (Form 1040); however, he did not.

## Niksich's Willful Failure to Report his Foreign Financial Accounts

40.    Niksich knew, or should have known, of his obligation to file an FBAR for years 2006 - 2012.

41.    Alternatively, Niksich was willfully blind to the requirements to file FBARs by taking deliberate actions to avoid confirming a high probability of wrongdoing.

42.    For each of the years 2006 – 2012, Niksich completed a U.S. Individual Income Tax Return (Form 1040) by hand.

43.    For each of the Form 1040s for years 2006 through 2008, Niksich completed a Schedule B, which included the following question on Line 7a:

| Part III | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; or **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
|---|---|---|---|
| **Foreign Accounts and Trusts**<br><br>(See page B-2.) | **7a** At any time during 2006, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1 . . . . . . . . . | | |
| | **b** If "Yes," enter the name of the foreign country ▶ .................................................. | | |
| | **8** During 2006, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See page B-2 . . . . . . . . . . | | |

44.     For each of the Form 1040's for the years 2009 and 2010, Niksich

completed a Schedule B, which included the following question on Line 7a:

| | | | Yes | No |
|---|---|---|---|---|
| **Part III Foreign Accounts and Trusts** (See instructions on back.) | | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | | |
| | 7a | At any time during 2009, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?  See instructions on back for exceptions and filing requirements for Form TD F 90-22.1 . . . . . . . . . . . . . . . . . . . . | | |
| | b | If "Yes," enter the name of the foreign country ▶ | | |
| | 8 | During 2009, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See instructions on back . . . . . . | | |

45.     For each of the Form 1040's for the years 2011 and 2012, Niksich

completed a Schedule B, which included the following question on Line 7a:

| | | | Yes | No |
|---|---|---|---|---|
| **Part III Foreign Accounts and Trusts** (See instructions on back.) | | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | | |
| | 7a | At any time during 2011, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions | | |
| | | If "Yes," are you  required to file Form TD F 90-22.1 to report that financial interest or signature authority? See Form TD F 90-22.1 and its instructions for filing requirements and exceptions to those requirements . . . . . . . . . . . . . . . . . . | | |
| | b | If you are required to file Form TD F 90-22.1, enter the name of the foreign country where the financial account is located ▶ | | |
| | 8 | During 2011, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See instructions on back . . . . . . | | |

46.     On his 2006 Form 1040, Niksich checked "No" in response to

Schedule B, Line 7a.

47.     For each of the years 2007 through 2012, Niksich left the response to

Schedule B, Line 7a blank.

48.     Beginning with his 2013 return, Niksich checked "yes" in response to

Schedule B, Line 7a.

49.     For each of the years 2006 through 2008, the IRS provided

Instructions for Schedule B, which explain that taxpayers should "Use Schedule B

(Form 1040) if any of the following applies," listing several reasons including "You had a foreign account . . . . Part III of the schedule has questions about foreign accounts and trusts."

50.     The instructions for Schedule B further provided that a taxpayer must check "yes" on line 7a if "at any time during [tax year] you had an interest in or signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account).

## Part III. Foreign Accounts and Trusts

### Lines 7a and 7b
**Foreign Accounts**

**Line 7a**
Check the "Yes" box on line 7a if either (1) or (2) below applies.

1. You own more than 50% of the stock in any corporation that owns one or more foreign bank accounts.

2. At any time during 2006 you had an interest in or signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account).

 *For line 7a, item (2) does not apply to foreign securities held in a U.S. securities account.*

51.     The instructions further explain that "If you checked the "Yes" box on line 7a, file Form TD F 90-22.1 by June 30, 2007, with the Department of the Treasure at the address shown on that form. Do not attach it to Form 1040." The instructions warn that failure to file Form TD F 90-22.1 may result in a penalty of $10,000 or more:

If you checked the "Yes" box on line 7a, file Form TD F 90-22.1 by June 30, 2007, with the Department of the Treasury at the address shown on that form. Do not attach it to Form 1040.

 *If you are required to file Form TD F 90-22.1 but do not do so, you may have to pay a penalty of up to $10,000 (more in some cases).*

52.    For the years 2009 and 2010, the General Instructions for Schedule B were included with Schedule B as the second page. These General Instructions included the same statements that are mentioned in the above paragraphs.

53.    For the years 2011 and 2012, the General Instructions attached to Schedule B explain that taxpayers should "[u]se Schedule B if any of the following applies," listing several reasons including "[y]ou had a financial interest in, or signature authority over, a financial account in a foreign country . . . ."

54.    The 2011 and 2012 instructions further explain in "Part III, Foreign Accounts and Trusts," that "[r]egardless of whether you are required to file Form TD F 90-22.1 (FBAR), you may be required to file Form 8938, Statement of Specified Foreign Financial Assets, with your income tax return. Failure to file Form 8938 may result in penalties and extension of the statute of limitations. See www.irs.gov/form8938 for more information."

55.    The 2011 and 2012 instructions further state "Line 7a–Question 1. Check the 'Yes' box if at any time during [tax year] you had a financial interest in or signature authority over a financial account located in a foreign country. See the

16

definitions that follow. Check the 'Yes' box even if you are not required to file Form TD F 90-22.1."

56.     The 2011 and 2012 instructions provide definitions for "financial account," "financial account locate in a foreign country," and "signature authority."

57.     The 2011 and 2012 instructions caution that "[a] person who willfully fails to report an account or provide account identifying information may be subject to a civil penalty equal to the greater of $100,000 or 50 percent of the balance in the account at the time of the violation. Willful violations may also be subject to criminal penalties."

58.     The 2011 instructions also caution that "[t]o be considered timely, Form TD F 90-22.1 **must be received** by June 30, 2012." (bold text in original). The 2012 instructions contain a similar warning.

59.     Form TD F 90-22.1 warns that "A person who willfully fails to report an account or account identifying information may be subject to a civil monetary penalty equal to the greater of $100,000 or 50 percent of the balance in the account at the time of the violation. See 31 U.S.C. section 5321(a)(5)."

60.     During the five years in which his AKB 5684 account was open, Niksich paid a total of $57,645.77 in investment and consultancy fees to AKB.

61.     During the two years in which his DZ 7952 account was open, Niksich paid a total of $88,215.23 in investment and consultancy fees to DZ.

62.     Niksich failed to report taxable interest income, dividend income, and capital gain income that he received from 2006 through 2012 on his foreign accounts. By failing to report this income, Niksich underreported and underpaid more than $100,000 in taxes over this period. After Niksich was removed from the OVDP, the IRS examined his tax returns for the years 2006 through 2012, and assessed deficiencies of over $100,000. Niksich then paid the assessed amount.

63.     Niksich's failure to file an FBAR for years 2006 - 2012 was willful.

### Statue of Limitations

64.     The statute of limitations for assessment of an FBAR penalty is six years from the date of the violation. 31 U.S.C. § 5321(b)(1).

65.     Each failure to report a reportable foreign financial account by filing an FBAR form is a violation. Accounts must be reported on or before June 30 of the calendar year following the year for which the report is made. 31 C.F.R. § 1010.306(c).

66.     On November 17, 2015, Niksich signed a statute extension for the 2006 through 2013 calendar years to December 31, 2017.

67.     On December 17, 2017, Niksich's representative, Vivian D. Hoard, signed another statute extension extending the statute for calendar years 2006 through 2013 to December 30, 2018.

68.     On July 25, 2018, Niksich signed, and on July 26 his representative Ms. Hoard also signed, another statute extension extending the statute for the 2006 through 2013 calendar years to December 31, 2019.

69.     On September 13, 2019, Niksich signed another extension extending the statute for the 2006 through 2013 calendar years to June 30, 2020.

70.     Once a civil penalty is assessed for failure to file an FBAR, any suit to collect the penalty must be commenced within two years from the date of the assessment. 31 U.S.C. § 5321(b)(2).

71.     The FBAR penalties at issue in this case were assessed against Niksich on June 23, 2020. A Form 13448, Penalty Assessment Certification (Title 31 "FBAR"), was signed on that date for each of these assessments.

72.     Therefore, this suit is timely.

## CLAIMS FOR RELIEF

### Count I
### (Judgment for Unpaid 2006 FBAR Penalty
### Pursuant to 31 U.S.C. § 5321(a)(5)(C))

73.     The United States incorporates paragraphs 1-33 and 40-72.

74.     In 2006, Niksich had a financial interest and signature authority over one account in Switzerland (identified above in paragraph 33) in which the maximum aggregate balance exceeded $10,000.

75.     Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign account for tax year 2006. Niksich did not disclose the existence of, or interest in, the account in an FBAR for the 2006 calendar year by June 30, 2007.

76.     On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $224,151 because he willfully failed to timely file a 2005 FBAR that disclosed his interest in AKB 5684.

| Account Name | Maximum Value | Penalty Amount |
|---|---|---|
| AKB 5684 | $2,380,093 | $224,151 |
| TOTAL | $2,380,093 | $224,151 |

77.     On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2006 FBAR penalty and demand for payment.

78.     Despite the notice and demand for payment, Niksich failed to pay the penalty assessed against him. As a result, he owes $224,151 for the willful FBAR

penalty for 2006, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count II
### (Judgment for Unpaid 2007 FBAR Penalty Pursuant to 31 U.S.C. § 5321(a)(5)(C))

79.    The United States incorporates paragraphs 1-32, 34 and 40-72.

80.    In 2007, Niksich had a financial interest and signature authority over one foreign account in Switzerland (identified above in paragraph 34) in which the maximum aggregate balance exceeded $10,000.

81.    Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign account for tax year 2007. Niksich did not disclose the existence of, or interest in, the account in an FBAR for the 2007 calendar year by June 30, 2008.

82.    On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $315,948 because he willfully failed to timely file a 2007 FBAR that disclosed his interest in AKB 5684.

| Account Name | Maximum Value | Penalty Amount |
|---|---|---|
| AKB 5684 | $3,354,821 | $315,948 |
| TOTAL | $3,354,821 | $315,948 |

83.     On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2007 FBAR penalty and demand for payment.

84.     Despite the notice and demand for payment, Niksich failed to pay the penalty assessed against him. As a result, he owes $315,948 for the willful FBAR penalty for 2007, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

**Count III**
**(Judgment for Unpaid 2008 FBAR Penalty**
**Pursuant to 31 U.S.C. § 5321(a)(5)(C))**

85.     The United States incorporates paragraphs 1-32, 35 and 40-72.

86.     In 2008, Niksich had a financial interest and signature authority over one foreign accounts in Switzerland (identified above in paragraph 35) in which the maximum aggregate balance exceeded $10,000.

87.     Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign account for tax year 2008. Niksich did not disclose the existence of, or interest in, the account in an FBAR for the 2008 calendar year by June 30, 2009.

88.     On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty

of $323,446 because he willfully failed to timely file a 2008 FBAR that disclosed his interest in AKB 5684:

| Account Name | Maximum Value | Penalty Amount |
| --- | --- | --- |
| AKB 5684 | $3,434,428 | $323,446 |
| TOTAL | $3,434,428 | $323,446 |

89.    On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2008 FBAR penalties and demand for payment.

90.    Despite the notice and demand for payment, Niksich failed to pay the penalties assessed against him. As a result, he owes $323,446 for the willful FBAR penalty for 2008, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count IV
### (Judgment for Unpaid 2009 FBAR Penalty Pursuant to 31 U.S.C. § 5321(a)(5)(C))

91.    The United States incorporates paragraphs 1-32, 36 and 40-72.

92.    In 2009, Niksich had a financial interest and signature authority over one foreign account in Switzerland (identified above in paragraph 36) in which the maximum aggregate balance exceeded $10,000.

93.    Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign accounts for tax year 2008. Niksich did not

disclose the existence of, or interest in, the accounts in an FBAR for the 2008 calendar year by June 30, 2009.

94.    On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $100,000 because he willfully failed to timely file a 2009 FBAR that disclosed his interest in all of his foreign bank accounts as described:

| Account Name | Maximum Value | Penalty Amount |
|---|---|---|
| AKB 5684 | $3,538,658 | $100,000 |
| TOTAL | $3,538,658 | $100,000 |

95.    On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2009 FBAR penalties and demand for payment.

96.    Despite the notice and demand for payment, Niksich failed to pay the penalties assessed against him. As a result, he owes $100,000 for the willful FBAR penalty for 2009, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

**Count V**
**(Judgment for Unpaid 2010 FBAR Penalty**
**Pursuant to 31 U.S.C. § 5321(a)(5)(C))**

97.    The United States incorporates paragraphs 1-32, 37 and 40-72.

98.    In 2010, Niksich had a financial interest and signature authority over two foreign accounts in Switzerland (identified above in paragraph 37) in which the maximum aggregate balance exceeded $10,000.

99.    Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign accounts for tax year 2009. Niksich did not disclose the existence of, or interest in, the accounts in an FBAR for the 2009 calendar year by June 30, 2010.

100.    On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $664,021 because he willfully failed to timely file a 2010 FBAR that disclosed his interest in all of his foreign bank accounts as described:

| Account Name | Maximum Value | Penalty Amount |
|---|---|---|
| AKB 5684 | $4,086,627 | No penalty assessed |
| DZ 7952 | $4,573,907 | $664,021 |
| TOTAL | $8,660,534 | $664,021 |

101.    On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2010 FBAR penalties and demand for payment.

102.    Despite the notice and demand for payment, Niksich failed to pay the penalties assessed against him. As a result, he owes $664,021 for the willful FBAR

penalty for 2010, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count VI
### (Judgment for Unpaid 2011 FBAR Penalty
### Pursuant to 31 U.S.C. § 5321(a)(5)(C))

103.    The United States incorporates paragraphs 1-32, 38 and 40-72.

104.    In 2011, Niksich had a financial interest and signature authority over at least four foreign accounts, one in Switzerland and three in Panama (collectively identified above in paragraph 38) in which the maximum aggregate balance exceeded $10,000.

105.    Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign account for tax year 2010. Niksich did not disclose the existence of, or interest in, the accounts in an FBAR for the 2010 calendar year by June 30, 2011.

106.    On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $56,944 because he willfully failed to timely file a 2011 FBAR that disclosed his interest in all of his foreign bank accounts as described:

| Account Name | Maximum Value | Penalty Amount |
| --- | --- | --- |
| DZ 7952 | $3,612,307 | $340,198 |
| BVBP 1001 | $22,296 | $2,100 |

| BVBP 9571 | $4,000 | $966 |
| BVBP 1002 | $10,466 | $377 |
| TOTAL | $3,649,069 | $343,641 |

107.    On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2011 FBAR penalty and demand for payment.

108.    Despite the notice and demand for payment, Niksich failed to pay the penalty assessed against him. As a result, he owes $343,641 for the willful FBAR penalty for 2011, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count VII
### (Judgment for Unpaid 2012 FBAR Penalty
### Pursuant to 31 U.S.C. § 5321(a)(5)(C))

109.    The United States incorporates paragraphs 1-32, 39 and 40-72.

110.    In 2011, Niksich had a financial interest and signature authority over one foreign account in Switzerland and four foreign accounts in Panama (identified above in paragraph 39) in which the maximum aggregate balance exceeded $10,000.

111.    Niksich did not timely file an FBAR reporting his financial interest and signature authority over the foreign accounts for tax year 2012. Niksich did not

disclose the existence of, or interest in, the accounts in an FBAR for the 2012 calendar year by June 30, 2013.

112.   On June 23, 2020, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Niksich a total penalty of $315,748 because he willfully failed to timely file a 2012 FBAR that disclosed his interest in all of his foreign bank accounts as described:

| Account Name | Maximum Value | Penalty Amount |
|---|---|---|
| DZ 7952 | $3,240,850 | No penalty |
| BVBP 1001 | $2,338,021 | $220,189 |
| BVBP 1002 | $4,000 | $377 |
| BVBP 9571-1YR | $1,000,000 | $94,177 |
| BVBP 9571-2YR | $10,670 | $1,005 |
| TOTAL | $6,593,541 | $315,748 |

113.   On June 23, 2020, a delegate of the Secretary of the Treasury sent Niksich notice of the assessment of the 2012 FBAR penalties and demand for payment.

114.   Despite the notice and demand for payment, Niksich failed to pay the penalties assessed against him. As a result, he owes $315,748 for the willful FBAR penalty for 2012, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against Niksich and in favor of the United States as to

   Counts I through VII in the amount of $2,286,954 for the FBAR penalties

   assessed against him for calendar years 2006 through 2012 under 31 U.S.C.

   § 5321(a)(5) and the late payment penalties assessed against him pursuant to

   31 U.S.C. § 3717(e)(2), plus further interest and statutory additions thereon

   as allowed by law to the date of payment; and

B. Award the United States its costs incurred in connection with this action,

   along with such other relief as justice requires.

Dated: June 15, 2022                    Respectfully submitted,

                                        DAVID A. HUBBERT
                                        Acting Assistant Attorney General


                                        */s/ Chris J. Coulson*
                                        CHRIS J. COULSON
                                        New York Bar. No. 5162383
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 14198
                                        Washington, D.C. 20044
                                        202-353-0061 (v)
                                        202-514-4963 (f)
                                        Christopher.J.Coulson@usdoj.gov

Of counsel:

RYAN K. BUCHANA
United States Attorney
Northern District of Georgia

LORI M. BERANEK
Assistant U.S. Attorney
Georgia Bar No. 053773
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000
LBeranek@usa.doj.gov


The undersigned certifies that this document was prepared using Times New Roman 14-point font.

*/s/ Chris J. Coulson*